UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARGARET CLINE | CIVIL ACTION NO. 10-CV-0644 |
| VERSUS | JUDGE HICKS |
| CITY OF BOSSIER CITY, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

This is a civil rights action seeking damages for alleged use of excessive force. Plaintiff, Margaret Cline, is a self-represented party who filed this lawsuit on behalf of herself and two minor children. Before the court is Defendants' **Motion to Compel or, Alternatively, Motion for Imposition of Sanctions for Failure to Participate in Discovery**. **Doc. 16**. The motion concerns Plaintiff's behavior at her deposition and her unilateral termination of the deposition. The motion was noticed for briefing, Doc. 18, but Plaintiff did not file a response. For the reasons that follow, it is recommended that the motion be granted and that Plaintiff's case be dismissed with prejudice.

**Facts**

On March 2, 2011, Defendants attempted to take Plaintiff's deposition. The transcript of the deposition shows that Plaintiff repeatedly interrupted counsel's questions and refused to provide relevant information. The audio recording of the deposition reveals what the cold

transcript does not: throughout the deposition, Plaintiff was loud, argumentative, verbally abusive, and combative. See Doc. 17, Manual Attachment (Audio Recording).

One of the defendants in this case is Officer Sunderland. Plaintiff alleges she was previously harassed by Officer Sunderland. However, when counsel attempted to question Plaintiff about her prior experiences with Officer Sunderland, Plaintiff refused to provide any details. The undersigned was contacted during the deposition (Tr. 50), and Plaintiff was ordered to answer the questions. Tr. 54-55.

Despite the order of the court, Plaintiff continued her refusal to answer questions and provide details about the event in question and her prior experiences with Officer Sunderland. Plaintiff's responses included: "I'm not going into detail," and "I will answer those questions when I obtain an attorney." Tr. 59. When defense counsel pressed further, the following exchange occurred:

> Q    Have you given me all details that you know about Officer Sunderland coming to your house and accusing you of running over some lady in the street?
>
> A    I've given you the details you're going to get.
>
> Q    My only question is: Have you given me everything that you remember about that event?
>
> A    No, because I refused [sic]. I will finish answering those questions when I obtain an attorney.
>
> Q    So if I ask detailed questions about that event, you're going to refuse those, correct?
>
> A    Until I obtain an attorney like I stated twice already.

Tr. 61-62.

Plaintiff's interruptions and highly inappropriate conduct continued. At one point in the deposition, Plaintiff referred to defense counsel as a "retard." Tr. 103. Plaintiff then declared that she was "through talking to you for today." Tr. 104. Plaintiff eventually declared "I'm finished ..." and left the deposition. Id.

**Analysis and Conclusion**

Rule 37(d) permits dismissal of an action when a party fails to appear for a properly noticed deposition, fails to comply with a discovery order, fails to prosecute his case, or fails to comply with an order of the district court. Hunting v. BASF, 398 Fed. Appx. 61 (5th Cir. 2010); Collins v. Illinois, 554 F.3d 693, 696 (7th Cir. 2008). To dismiss a case as a sanction for discovery abuse, the court must find that the party's actions displayed wilfulness, bad faith, or fault. Collins, supra. Once the court makes such a finding, the sanction imposed must be proportionate to the circumstances. Id.

The standard for dismissal is easily met here. Plaintiff's refusal to participate in the discovery process constitutes willful disobedience to the court's order. She had no legitimate reason to refuse to answer the questions – especially after the undersigned directed her to do so – or walk out of her deposition. She has rebuffed all attempts by Defendants to reschedule her deposition and schedule depositions for other witnesses. Defense counsel represents in the motion that Plaintiff has refused to answer his numerous phone calls and refused to respond to his written inquiries regarding her availability for depositions. Although dismissal

is a harsh penalty for discovery abuses, it is the most appropriate remedy in this case. See Hunting, supra (dismissal affirmed where a party failed to cooperate in the scheduling his deposition and where "the entirety of his conduct was inappropriate"); Collins supra (dismissal affirmed where party refused to wait until the magistrate judge could be contacted and she "gave no legitimate reason for walking out of her deposition").

Plaintiff repeatedly stated in the deposition that she would not answer questions until she had a lawyer. However, that is not a lawful basis to refuse to participate in discovery. At every step of this proceeding, the undersigned has strongly encouraged Plaintiff to retain a lawyer. Doc. 14; Tr. 53. The court also explained to Plaintiff her obligations with respect to discovery and compliance with court imposed deadlines and the Federal Rules of Civil Procedure. Doc. 14. Plaintiff has had ample time to retain counsel.

The only question is whether to dismiss this case with or without prejudice. Dismissals with prejudice are reserved for the most egregious cases, where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors. Clofer v. Perego, 106 F.3d 678, 679 (5th Cir. 1997). The aggravating factors include (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant. Id; Thompson v. Foremost, 2010 WL 4237786 (W.D. La. 2010)(Minaldi, J.). All of the aggravating factors are present in this case and weigh heavily in favor of a dismissal with prejudice. A less

drastic sanction would not achieve the desired deterrent effect.  FDIC v. Conner, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

Accordingly;

**IT IS RECOMMENDED** that Defendants' **Motion to Compel or, Alternatively, Motion for Imposition of Sanctions** be **granted** and that Plaintiff's case be **dismissed with prejudice**;

**IT IS FURTHER RECOMMENDED** that Defendants' request for additional sanctions, such as imposition of fees, expenses or costs, be **denied**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of May, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE